| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | JAY T. RAMSEY, Cal Bar No. 273160 |
| 2 | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, California  90067-6017 |
| 3 | Telephone:   (310) 228-3700 |
| | Facsimile:    (310) 228-3701 |
| 4 | E mail:         jramsey@sheppardmullin.com |
| 5 | DANE C. BRODY CHANOVE, Cal. Bar No. 345843 |
| | 12275 El Camino Real, Suite 100 |
| 6 | San Diego, California 92130-4092 |
| | Telephone:   (858) 720-8900 |
| 7 | Facsimile:    (858) 509-3691 |
| | E Mail:         dbrodychanove@sheppardmullin.com |
| 8 | |
| 9 | *Attorneys for Defendants* |
| | PORTLAND LEATHER GOODS, INC., |
| | PORTLAND LEATHER GOODS, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COOPER LYDEN, individually and on behalf of all others similarly situated, | | Case No. 2:25-cv-01835 |
| Plaintiff, | | **DEFENDANTS' PORTLAND LEATHER GOODS, INC. AND PORTLAND LEATHER GOODS, LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR:** |
| v. | | |
| PORTLAND LEATHER GOODS, INC., a Delaware corporation, PORTLAND LEATHER GOODS, LLC, a Delaware limited liability company, and Does 1 to 10, inclusive, | | 1. **Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;** |
| Defendants. | | 2. **Violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and** |
| | | 3. **Violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*** |

## NATURE OF ACTION

1. Defendants deny the allegations in this Paragraph.

2. Defendants deny the allegations in this Paragraph.

3. Defendants deny the allegations in this Paragraph.

4. Defendants deny the allegations in this Paragraph.

5. Defendants deny the allegations in this Paragraph that their products are deceptively represented as discounted from false former reference prices or that they engage in a false, misleading, or deceptive pricing scheme. The remainder of this Paragraph contains only a statement or description of the class that Plaintiff purportedly seeks to represent and the relief which Plaintiff purportedly seeks, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

6. This Paragraph contains only a statement or description of the relief which Plaintiff purportedly seeks and a statement of legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

## THE PARTIES

7. Defendants deny the allegation in this Paragraph that their pricing is false or deceptive. Defendants lack sufficient information to either admit or deny the allegations in the remainder of this Paragraph, and on that basis, deny the same.

8. Defendants deny the allegations in this Paragraph.

9. Defendants deny the allegations in this Paragraph.

10. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

## JURISDICTION AND VENUE

11. This Paragraph contains only statements of purported law or legal conclusions for which no response is required.

-2-
SMRH:4901-7542-9200.1    ANSWER TO CLASS ACTION COMPLAINT

12. This Paragraph contains only statements of purported law or legal conclusions for which no response is required.

13. This Paragraph contains only statements of purported law or legal conclusions for which no response is required.

14. This Paragraph contains only statements of purported law or legal conclusions for which no response is required.

15. This Paragraph contains only statements of purported law or legal conclusions for which no response is required.

## GENERAL ALLEGATIONS

16. The webpage referenced in this Paragraph speaks for itself. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

17. The webpage referenced in this Paragraph speaks for itself. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

18. Defendants deny the allegations in this Paragraph.

19. Defendants deny the allegations in this Paragraph.

20. Defendants deny the allegations in this Paragraph.

21. Defendants deny the allegations in this Paragraph.

22. The webpage referenced in this Paragraph speaks for itself. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

23. Defendants deny the allegations in this Paragraph.

24. Defendants deny the allegations in this Paragraph.

25. The webpage referenced in this Paragraph speaks for itself. Except as expressly admitted, Defendants deny the allegations in this Paragraph.

26. Defendants deny the allegations in this Paragraph.

**A. Plaintiff's Purchase of Falsely Advertised Items from PLG**

27. Defendants deny the allegation in this Paragraph that they engage in false advertising or deceptive pricing practices. Defendants lack sufficient

information to either admit or deny the allegations in the remainder of this Paragraph, and on that basis, deny the same.

28. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

29. Defendants deny the allegation in this Paragraph that they intended to deceive Plaintiff. Defendants lack sufficient information to either admit or deny the allegations in the remainder of this Paragraph, and on that basis, deny the same.

30. Defendants deny the allegations in this Paragraph.

31. Defendants deny the allegations in this Paragraph.

32. Defendants deny the allegations in this Paragraph.

33. Defendants deny the allegations in this Paragraph.

**B. Research Shows That the Use of Reference Price Advertising Schemes Similar to PLG's Deceptive Pricing Scheme Influences Consumer Behavior and Affects Consumers' Perception of a Product's Value**

34. Defendants deny the allegation in this Paragraph that they engage in a deceitful pricing scheme. Defendants lack sufficient information to either admit or deny the allegations in the remainder of this Paragraph, and on that basis, deny the same.

35. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

36. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

37. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

38. Defendants lack sufficient information to either admit or deny the allegations in this Paragraph, and on that basis, deny the same.

39. Defendants deny the allegation in this Paragraph that they employ deceptive advertising through the use of false reference pricing. Defendants lack

sufficient information to either admit or deny the allegations in the remainder of this Paragraph, and on that basis, deny the same.

## CLASS ACTION ALLEGATIONS

40. This Paragraph contains only a description of the class that Plaintiff purportedly seeks to represent, to which no response is required. To the extent a response is required, Defendants deny that this action is properly brought as a class action.

41. This Paragraph contains only a description of the class that Plaintiff purportedly seeks to represent, and the rights that Plaintiff purportedly seeks to reserve, to which no response is required. To the extent a response is required, Defendants deny that this action is properly brought as a class action.

42. This Paragraph contains only a description of the class that Plaintiff purportedly seeks to represent, to which no response is required. To the extent a response is required, Defendants deny that this action is properly brought as a class action.

43. Defendants deny the allegations in this Paragraph.
44. Defendants deny the allegations in this Paragraph.
45. Defendants deny the allegations in this Paragraph.
46. Defendants deny the allegations in this Paragraph.
47. Defendants deny the allegations in this Paragraph.
48. Defendants deny the allegations in this Paragraph.
49. Defendants deny the allegations in this Paragraph.
50. Defendants deny the allegations in this Paragraph.

## CLAIMS FOR RELIEF

### First Cause of Action

**Violation of California's Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(By Plaintiff Against Defendants on Behalf of Himself and the Class)**

51.    Defendants incorporate their responses to Paragraphs 1 through 50 herein.

52.    This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

53.    This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

54.    This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

55.    Defendants deny the allegations in this Paragraph.

56.    This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

57.    Defendants deny the allegation in this Paragraph that their conduct violates California's false advertising laws.  The remainder of this paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

58.    Defendants deny the allegation in this Paragraph that they employ a false former pricing scheme.  The remainder of this paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

59.    Defendants deny the allegation in this Paragraph that their conduct violates the California Consumers Legal Remedies Act.  The remainder of this paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

60. This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

61. Defendants deny the allegations in this Paragraph.

62. Defendants deny the allegations in this Paragraph.

63. This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

64. Defendants deny the allegations in this Paragraph.

65. Defendants deny the allegations in this Paragraph.

66. Defendants deny the allegations in this Paragraph.

67. Defendants deny the allegations in this Paragraph.

68. Defendants deny the allegation in this Paragraph that they engaged in the conduct described in the Complaint.  The remainder of this Paragraph contains only a statement or description of the relief which Plaintiff purportedly seeks, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

69. Defendants deny the allegation in this Paragraph that they engage in deceptive advertisements and false Reference Prices in connection with their sale of products on their website.  The remainder of this Paragraph contains only a statement or description of the relief which Plaintiff purportedly seeks, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

70. Defendants deny the allegations in this Paragraph.

## Second Cause of Action

**Violation of California's False Advertising Law,**

**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

**(By Plaintiff Against Defendants on Behalf of Himself and the Class)**

71. Defendants incorporate their responses to Paragraphs 1 through 70 herein.

72. This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

73. This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

74. Defendants deny the allegations in this Paragraph.

75. Defendants deny the allegations in this Paragraph.

76. Defendants deny the allegations in this Paragraph.

77. Defendants deny the allegations in this Paragraph that Defendants have engaged in misleading and false advertising and that Plaintiff and members of the Class have suffered injury in fact and have lost money.  The remainder of this Paragraph contains only a statement or description of the relief which Plaintiff purportedly seeks, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

## Third Cause of Action

**Violation of California Consumers Legal Remedies Act,**

**Cal. Civ. Code § 1750, *et seq.***

**(By Plaintiff Against Defendants on Behalf of Himself and the Class)**

78. Defendants incorporate their responses to Paragraphs 1 through 77 herein.

79. This Paragraph contains only statements of purported law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

80. This Paragraph contains only statements of purported law and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

81. Defendants deny the allegations in this Paragraph.

82. Defendants deny the allegations in this Paragraph.

83. Defendants deny the allegations in this Paragraph.

84. Defendants deny the allegations in this Paragraph.

85. Defendants deny the allegations in this Paragraph.

## PRAYER FOR RELIEF

Defendants deny all allegations in Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any requested relief.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The Complaint is barred by the applicable statute of limitations, including but not limited to, the one-year statute of limitations set forth in California Code of Civil Procedure section 340(a).

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
## (Laches)

4. Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
## (Waiver)

5. Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

6. Defendants are informed and believe, and based thereon allege, that the Complaint is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
## (Fair Competition/Business Economic Justification)

7. Plaintiff's claims, and/or those of the putative class, are barred, in whole or in part, because the conduct alleged in the Complaint constituted fair competition, and was reasonable, based on independent and legitimate economic justifications, and without the purpose, intent, or effect of injuring Plaintiff or the putative class.

## EIGHTH AFFIRMATIVE DEFENSE
## (Lack of Injury)

8. The Complaint is barred on the ground that Plaintiff has not been injured as a result of the matters alleged therein.

## NINTH AFFIRMATIVE DEFENSE
## (Set-Off)

9. The claims of Plaintiff are subject to set-off of the reasonable value of the goods and services that Plaintiff received from Defendants.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Intent/Fault)

10. The Complaint is barred because Defendants lacked the requisite intent and were without fault.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Good Faith)

11. The Complaint is barred because Defendants acted in good faith.

**TWELFTH AFFIRMATIVE DEFENSE**

(Applicable Statutes Ambiguous)

12. The applicable statutes, including but not limited to those referenced in the Complaint, are ambiguous and unclear, and do not impart any notice on Defendants or others similarly situated that their conduct would constitute violation of the statutes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

13. The Complaint is barred in whole or in part because the Plaintiff failed to mitigate any damages caused by the alleged conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Falsity)

14. The Complaint is barred in whole or in part because the challenged conduct was neither false nor misleading.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Cal. Bus. & Prof Code § 17501 Does Not Apply)

15. The Complaint is barred in whole or in part because Cal. Bus. & Prof. Code § 17501 is inapplicable to the challenged conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

16. Defendants reserve the right to plead further pending discovery, if any, and to assert all other defenses which are available under all applicable statutes and laws.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action, and reserve the right to amend their Answer to assert any such defenses.

## PRAYER

**WHEREFORE**, Portland Leather Goods, Inc. and Portland Leather Goods LLC pray that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Portland Leather Goods, Inc. and Portland Leather Goods LLC;

2. That Plaintiff take nothing by way of the Complaint;

3. That Portland Leather Goods, Inc. and Portland Leather Goods LLC be awarded their costs of suit incurred in defense of this action, including their reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated:  July 1, 2025            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      */s/ Jay T. Ramsey*
       JAY T. RAMSEY
       DANE C. BRODY CHANOVE

       *Attorneys for Defendants*
       PORTLAND LEATHER GOODS, INC.,
       PORTLAND LEATHER GOODS, LLC

<u>PROOF OF SERVICE</u>

**Cooper Lyden v. Portland Leather Goods, Inc., et al**

<u>USDC, Central Dist. Case No. 2:25-cv-01835</u>

<u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of . My business address is 650 Town Center Drive, 10th Floor, Costa Mesa, CA 92626-1993.

On July 1, 2025, I served true copies of the following document(s) described as **DEFENDANTS' PORTLAND LEATHER GOODS, INC. AND PORTLAND LEATHER GOODS, LLC'S ANSWER TO CLASS ACTION COMPLAINT FOR: (1)VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.; (2)VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.; AND (3)VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, ET SEQ.** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Kevin Jason Cole<br>William Blair Castle<br>KJC Law Group APC<br>9701 Wilshire Boulevard Suite 1000<br>Beverly Hills, CA 90212 | Attorneys for Plaintiff<br>Cooper Lyden<br><br>Tel:   310-861-7797<br>Email: kevin@kjclawgroup.com<br>Email: blair@kjclawgroup.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 1, 2025, at Costa Mesa, California.

*/s/ Linda Samson*
Linda Samson

SMRH:4901-7542-9200.1                                                         PROOF OF SERVICE