**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
W. Blair Castle (SBN 354085)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Plaintiff*
*Cooper Lyden*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPER LYDEN, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-01835-AS |
| Plaintiff, | *Assigned to Hon. Alka Sagar* |
| v. | **JOINT 26(f) REPORT** |
| PORTLAND LEATHER GOODS, INC., a Delaware corporation; PORTLAND LEATHER GOODS, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive, | <u>SCHEDULING CONFERENCE:</u> |
| | Date:  September 2, 2025 |
| | Time: 11:00 a.m. |
| Defendants. | Ctrm:  540, Roybal Courthouse |
| | Complaint Filed:  March 3, 2025 |

-1-

JOINT RULE 26(f) REPORT

The Parties, by and through their undersigned counsel, submit the following Joint Rule 26(f) Report in accordance with the Court's July 1, 2025 Order Re Scheduling Conference (ECF No. 19).

a. **<u>Statement of the Case.</u>**  This is a consumer class action brought under California's (i) Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), (ii) False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"), and (iii) Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA").  Specifically, Plaintiff Cooper Lyden ("Plaintiff") alleges that Defendants Portland Leather Goods, Inc. and Portland Leather Goods, LLC (collectively, "Defendants" or "PLG") listed false "regular" or "original" prices on its website and represented to consumers, such as Plaintiff, that they were purchasing products at a deeply discounted "sale" price when, in reality, the "sale" price was the "regular" price at which the items typically sold.  In so doing, Defendants misrepresented the actual retail value of the products sold on its website, as well as the existence and/or amount of any discount, in direct violation of the UCL, FAL, and CLRA. Plaintiff relied on Defendants' false price comparison scheme—and would not have purchased the item that he did absent Defendants' false price comparisons.

Plaintiff seeks to represent and obtain restitution and other remedies on behalf of the following class(es):

> All persons in the United States who purchased one or more of PLG's products from PLG's website between March 3, 2021, through the present (the "Class Period") at a discount from a higher reference price and who have not received a refund or credit for their purchase(s).

> All persons in the State of California who purchased one or more of PLG's products from PLG's website between March 3, 2021, through the present (the "Class Period") at a discount from a higher reference price and who have not received a refund or credit for their purchase(s).

JOINT RULE 26(f) REPORT

PLG denies Plaintiff's allegations and that Plaintiff and any proposed class members are entitled to any proposed relief. PLG further asserts that it complies with all pricing laws and that its pricing is not deceptive of misleading. In addition, Plaintiff paid the full "regular" or "original" price for the item he purchased, and his item was not discounted. He therefore was not subject to the purportedly misleading discounting practice.

b. **<u>Subject Matter Jurisdiction.</u>** Plaintiff asserts this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class. Further, at least one member of the proposed class is a citizen of California (e.g., Plaintiff) and at least one defendant is a citizen or subject of a foreign state.

c. **<u>Legal Issues.</u>**

1) <u>Plaintiff's Description of Key Legal Issues</u>

Subject to further factual development through discovery and otherwise, the legal issues in this case include the following:

    a) Whether the products listed on Defendants' website during the Class Period were offered at their reference prices (i.e., the supposed original prices) for any reasonably substantial period of time prior to being offered at prices that were discounted from their reference prices.

    b) Whether Defendants' deceptive pricing scheme using false reference prices constitutes an "unlawful," "unfair," or "fraudulent" business practice in violation of the UCL.

    c) Whether Defendants' deceptive pricing scheme using false reference prices constitutes "unfair, deceptive, untrue or misleading advertising" in violation of the UCL.

-3-

JOINT RULE 26(f) REPORT

d) Whether Defendants' deceptive pricing scheme using false reference prices constitutes false advertising in violation of the FAL.

e) Whether Defendants' deceptive pricing scheme using false reference prices constitutes (i) advertising goods or services with the intent not to sell them as advertised, and (ii) making false or misleading statements of fact concerning reasons for, the existence of, or amounts of price reductions, in violation of the CLRA.

f) Whether Defendants' false reference prices on products offered for sale on its website during the Class Period are false representations.

g) Whether the members of the Class are entitled to damages and/or restitution.

h) Whether Defendants' conduct was undertaken with conscious disregard of the rights of the members of the Class and was done with fraud, oppression, and/or malice.

2) <u>Defendant's Description of Key Legal Issues</u>

Whether Plaintiff has statutory standing to pursue the claims, including on behalf of a class, given that he was not subject to the allegedly false scheme that he alleges.

Whether the case can properly be maintained as a class action.

d. **<u>Parties, Evidence, etc.</u>**   Subject to further factual development through discovery and otherwise, the Parties, witnesses, and key documents in this case include the following:

**Parties:**

➤ Plaintiff Cooper Lyden.

➤ Defendant Portland Leather Goods, Inc.

➤ Defendant Portland Leather Goods, LLC

**Witnesses:**

-4-

JOINT RULE 26(f) REPORT

Plaintiff anticipates his witnesses would include at least:

➢ Plaintiff, who has information concerning (i) the product(s) he purchased from Defendants, (ii) how Defendants marketed its product(s) at the time of his purchase, (iii) his purchase decision, and (iv) his desire to serve as a class representative in this case.

➢ Other members of the proposed Class, whose identities are exclusively within Defendants' knowledge but whom Plaintiff believes have information that is relevant to the allegations in the Complaint.

➢ Defendants, who, upon information and belief, have knowledge of their business, marketing, operations, and financial information, as well as knowledge concerning the allegations in the Complaint.

➢ Current or former officers, directors, agents, and employees of Defendants, including, but not limited to:

o Any current or former employee or agent of Defendants with knowledge of their (i) daily price sheets for each of the items sold on its website (e.g., daily reference prices and actual offer prices for its products for each day during the Class Period), and (b) reliable sales data, including the reference price displayed to the customer at the time of the sale along with the price that was actually paid by the customer exclusive of taxes and shipping costs.

o Any current or former employee or agent of Defendants with knowledge of their reference pricing practices and its advertisement of markdowns and discounts, such as policies and practices, marketing and consumer surveys, studies, and analyses, marketing research, training materials, memos, and presentations, to determine classwide practices.

-5-

1
2
3
4
5

          o  Other officers, directors and employees of Defendants, whose identities and contact information are believed to be within Defendants' possession, who have knowledge of Defendants' business, policies, operations, and financial information, as well as the conduct alleged in the Complaint.

6
7

Defendants anticipate that additional witnesses will include expert witnesses and survey experts.

8

**Key Documents:**

9
10

➤ Plaintiff's receipt for the product he purchased from Defendants' website.

11
12
13

➤ Defendants' daily price sheets for each of the items sold on their website (e.g., daily reference prices and actual offer prices for its products for each day during the Class Period).

14
15
16

➤ Defendants' sales data, including the reference price displayed to the customer at the time of the sale along with the price that was actually paid by the customer exclusive of taxes and shipping costs.

17
18

➤ Documents that discuss or evidence Defendants' pricing practices and policies.

19

e. **Damages.**

20
21
22
23
24
25
26

Plaintiff does not possess or have knowledge of Defendants' sales data during the class period. Nonetheless, Plaintiff would estimate damages in the following manner: (Purported Transaction Value of Total Sales During Class Period) x (Average Advertised Discount) = (Loss of Transaction Value to the Consumer). *See Spann v. J.C. Penney* 307 F.R.D. 508, 533 (C.D. Cal. 2015), *modified*, 314 F.R.D. 312 (C.D. Cal. 2016) (recognizing "restitution based on the false transaction value promised by [defendant], measured by the amount that each

27
28

JOINT RULE 26(f) REPORT

class member would have paid had [defendant] offered a discount from the actual regular price" as damages model in former price cases).

The purported damages calculation has been rejected by numerous courts and is not sustainable as a matter of law. Defendants expect that Plaintiff will attempt to prove a price premium, but that it will be unable to do so.

f. **Insurance.** Defendants are not currently aware of any insurance providing coverage for this claim.

g. **Motions.**

Plaintiff anticipates filing a motion for class certification.

Defendants anticipate filing a motion for class certification.

h. **Manual for Complex Litigation.**

The Parties do not wish to utilize the procedures of the Manual for Complex Litigation.

i. **Status of Discovery.**

Plaintiff served initial disclosures and written discovery requests on July 29, 2025.

j. **Discovery Plan.**

The Parties provide the following report pursuant to Rule 26(f)(3):

1. **Initial Disclosures Under Rule 26(a).** Plaintiff made his Initial Disclosures on July 29, 2025. Defendants will provide their initial disclosures under Rule 26(a) no later than September 16, 2025.

2. **Phasing/Modifications.** The Parties do not currently propose phasing discovery. The Parties do not propose any modifications to the limitations imposed by the Federal Rules of Civil Procedure.

3. **Summary of Subjects of Discovery.** Plaintiff served his first round of interrogatories (fifteen interrogatories) and requests for production of documents (twenty-nine requests) to each Defendant on July 29,

-7-

2025. Plaintiff's discovery is targeted to the number and price of the items sold on Defendants' website during the Class Period, Defendants' sales data (including the reference price displayed to the customer at the time of the sale along with the price that was actually paid by the customer), and customer specific data in order to prove an "ascertainable class" and other factors bearing on certification. *See*, *e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (determining propriety of class action may require discovery). Defendant intends to seek discovery regarding Plaintiff, his purchase, and other interactions that Plaintiff has had with similar websites.

4. **Preservation of Evidence.** The Parties acknowledge that ESI may be relevant to this litigation and will request to produce ESI when necessary. Should a Party assert that any ESI is not reasonably accessible, the Parties will meet and confer on a less burdensome method of production of the relevant information. The Parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The Parties agree that diligent steps will be taken to protect privileged/protected documents from disclosure, and that any production of privileged ESI material or ESI material protected by the

-8-

work product doctrine is deemed inadvertent and does not amount to a waiver.

    5. **Protective Order.**   The Parties anticipate proposing a stipulated protective order for discovery materials.

k. **Discovery Cut-Off.**

The Parties propose a non-expert discovery cutoff of April 27, 2027.

l. **Expert Discovery.**

The Parties proposed the following dates:

- Expert Disclosure (Initial) – January 22, 2027
- Expert Disclosure (Rebuttal) – March 5, 2027
- Expert Discovery Cut-Off – May 25, 2027

m. **Dispositive Motions.**

Plaintiff does not anticipate filing a motion for summary judgment or any other dispositive motion.

Defendant anticipates filing a motion for summary judgment.

n. **Settlement.**

The Parties have not engaged in formal settlement discussions.

o. **Trial Estimate.**

Plaintiff estimates 3 to 5 days for jury trial. Plaintiff anticipates calling 3-4 witnesses.

Defendant estimates that trial on a class action basis will last 7 to 10 days. If trial proceeds on an individual basis, Defendant estimates 1 to 2 days.

p. **Trial Counsel.**

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

-9-

Telephone: (310) 861-7797
e-Mail: kevin@kjclawgroup.com

*Attorneys for Plaintiff*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
JAY T. RAMSEY, Cal Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E mail: jramsey@sheppardmullin.com

*Attorneys for Defendants*

q. **Independent Expert.**

The Parties do not anticipate that an independent expert will be necessary.

r. **Timetable.**

See attached.

s. **Other issues.**

The Parties suggest the following class certification briefing schedule:

| Matter | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|
| Plaintiff's motion for class certification, and any expert reports Plaintiff intends to use in support of class certification, to be filed and served | July 29, 2026 | Agreed | |
| Defendant's opposition to Plaintiff's motion for class certification, and any expert reports Defendant intends to use in opposition to | September 30, 2026 | Agreed | |

-10-

| | | | |
|---|---|---|---|
| class certification, to be filed and served | | | |
| Plaintiff's reply in support of class certification, and any rebuttal expert reports Plaintiff intends to use in connection with class certification, to be filed and served | October 30, 2026 | Agreed | |
| Hearing on motion for class certification | November 17, 2026 (Tuesday at 10:00 a.m.) | Agreed | |

DATED:  August 26, 2025          Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole* _____

*Attorneys for Plaintiff*

DATED:  August 26, 2025          Respectfully Submitted,

**SHEPPARD,    MULLIN,    RICHTER    &    HAMPTON LLP**

By: */s/ Jay T. Ramsey* _____

*Attorneys for Defendants*

-11-

JOINT RULE 26(f) REPORT

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that I electronically filed, or caused to be filed, the foregoing

3

with the Clerk of the Court for the United States District Court for the Central

4

District of California by using the CM/ECF system on August 26, 2025.  I further

5

certify that all participants in the case are registered CM/ECF users and that service

6

will be accomplished by the CM/ECF system.

7

By: */s/ Kevin J. Cole*

8

**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000

9

Beverly Hills, CA 90212
Telephone: (310) 861-7797

10

e-Mail: kevin@kjclawgroup.com

11

Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-