1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   COOPER LYDEN,                    | CASE NO. CV 25-01835-AS

12                    Plaintiff,

13        v.                          | **CIVIL TRIAL ORDER**

14   PORTLAND LEATHER GOODS, INC.,
     AND PORTLAND LEATHER GOODS,
15   LLC., ET. AL.,

16                    Defendants.

17

18

19

20        This case has been assigned to the calendar of Magistrate

21   Judge Alka Sagar pursuant to the parties' consent to proceed before

22   a magistrate judge for all further proceedings herein, including

23   trial and the entry of judgment.  See Dkt. No. 10.

24        Judge Sagar is located in Courtroom 540, on the 5th floor of

25   the Roybal Federal Building and United States Courthouse, 255 E.

26   Temple Street, Los Angeles, CA 90012.  The courtroom deputy clerk

27   ("CRD"), Ms. Alma Felix, can be reached at (213) 894-1587.  The

28   Court expects full compliance with the Federal Rules of Civil

Procedure, the Local Rules for the Central District of California ("the Local Rules"), and the scheduling order in this case. Ambiguities, if any, will be construed to secure the just, speedy, and inexpensive determination of each action.

The purpose of this order is to enable counsel[1] to know well in advance the schedule and requirements to which they will be expected to adhere.

## I.   DEADLINES

### A.   SCHEDULING CONFERENCE AND/OR ORDER

The Court has issued a scheduling order, setting forth dates for the completion of fact and expert discovery, pre-trial and trial dates, based on the Joint Rule 26(f) Report filed by the parties on August 26, 2025 (Dkt. No. 20).

### B.   APPLICATIONS AND STIPULATIONS TO EXTEND TIME

No stipulations extending the Court's scheduling order shall be effective unless approved by the Court. Applications to extend the time to file any required document or to continue any pre-trial or trial date must set forth:

1. The existing due date or hearing date;

2. The specific, concrete reasons supporting good cause for granting the extension, presented in a sworn declaration; and

3. Whether there have been prior requests for extensions, whether these were granted or denied by the Court, and,

---

[1] "Counsel" as used in this order also applies to persons appearing in *propia persona*.

if filed as an application, whether the other parties

agree to the request and the proposed dates or schedule.

The party(ies) requesting the extension must provide the Court with a proposed order setting forth the proposed new dates and/or proposed new schedule.

**C.    PARTIES AND PLEADINGS**

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be heard on or before the cut-off date.  All unserved parties will be dismissed at the time of the Final Pretrial Conference pursuant to Local Rule 16-8.1.

**D.    DISCOVERY AND DISCOVERY CUT-OFF**

**1.    Discovery Cut-Off:**

The Court has established cut-off dates for fact and expert discovery, if applicable.  **These are not the dates by which discovery requests must be served; they are the dates by which all discovery, including all hearings on any related motions, must be completed.**

**2.    Depositions:**

All depositions must commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.

**3.    Written Discovery:**

All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party

enough time to challenge (via motion practice) responses deemed to be deficient.

### 4. Expert Discovery:

All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The Final Pretrial Conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

### 5. Discovery Disputes:

The Court **requires** the parties to avail themselves of the Court's informal discovery conference procedure to resolve any issues relating to discovery production. See https://www.cacd.usco urts.gov/judges-schedules-procedures. The parties are reminded that they may contact the CRD via telephone or email to seek an informal discovery conference only after they have engaged in at least two attempts to resolve the dispute without court involvement. If the Court determines, after reviewing the parties' explanation of the issue, that further briefing is required, the Court will direct the parties to file a joint stipulation in compliance with Local Rule 37-2 and will set a briefing schedule. Except in the case of an extreme emergency which was not created by the lawyer briefing the motion, discovery motions may not be heard on ex parte application.

Counsel are expected to comply with all Local Rules, the Federal Rules of Civil Procedure concerning discovery, and this Court's procedures, found at https://www.cacd.uscourts.gov/honorab

le-alka-sagar.   Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.   The Court expects that counsel will strictly adhere to the Civility and Professionalism Guidelines, which can be found on the Court's website at: https://www.cacd.uscourts.gov/attorneys/admissions.

**E.    NON-DISCOVERY MOTIONS**

**1. General Provisions**

The Court has established a cut-off date for hearing motions. All motions, including Daubert motions but excluding motions in limine, must be noticed so that the hearing takes place on or before the motion cut-off date.

The parties must adhere to the requirements of the Local Rules.  See Local Rules 7-1 et seq.  If any party does not oppose a motion, that party shall submit a written statement in accordance with Local Rule 7-16 that it does not oppose the motion.   The parties should note that failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion. Local Rule 7-12.

Chambers copies of all motions, oppositions and replies in excess of 25 pages, conformed to reflect that they have been e-filed, must be mailed or delivered to the Clerk's Office on the 12th floor in the Roybal Federal Building within 24 hours of the e-filing date, and on the Monday following a Friday or weekend filing.

Motions are heard on Tuesdays and Thursdays at 10:00 a.m. unless otherwise ordered by the Court.   Even if a motion is necessary after a good faith pre-filing conference, counsel should

5

have sufficiently discussed the issues so that the briefing will be directed to those substantive issues which require resolution by the Court.  Hearings may be conducted by videoconference or telephone at the request of the parties.

Memoranda of points and authorities in support of or in opposition to any motion shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.  Citations to case law must identify not only the case cited, but the specific page referenced.  Statutory and other references should identify with specificity the sections and subsections referenced.

Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged.  Such composite motions tend to blur the legitimate distinction[s] between the two motions, which have different purposes.  Moreover, Fed. R. Civ. P. 12(b)(6) motions are discouraged unless moving counsel has a legitimate belief-after a good faith conference- that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.  In most cases, the prospective moving party should agree to any amendment that would cure the defect.

### 2. Ex Parte Applications

Ex parte practice is strongly discouraged.  See Mission Power Eng. Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Counsel must adhere to proper ex parte procedures for any ex parte application filed with the Court.  Id. at 492; see also Local Rule 7-19.

### 3. Summary Judgment Motions

Absent leave of Court, no party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication. To increase efficiency and to assist counsel in structuring and focusing these motions, the following requirements apply when filing motions for summary judgment.

### a. Separate Statement of Undisputed Facts and Statement of Genuine Issues

The separate statement of undisputed facts is to be prepared in a two-column format. The left-hand column should set forth the allegedly undisputed fact. The right-hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the moving party's separate statement exactly as prepared. The document must be in two columns; the left-handed column must restate the allegedly undisputed fact, and the right-hand column must indicate that the fact is either undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or in part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's

evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite the evidence alleged to be objectionable and state the ground of the objection and nothing more. No argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the moving party, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the moving party's facts, shall continue in sequentially numbered paragraphs (e.g., if the moving party's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right-hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposition party is required to adhere to in responding to the statement of undisputed facts, as described above.

### b. Supporting Evidence

No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment.

Evidence submitted in support or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, written discovery responses, and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

### c. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized to track the paragraph numbers of the separate statement in sequence. It should identify the specific item of evidence to which objection is made, identify the ground of the objection, and make a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove

her state of mind, it is irrelevant since her state of mind is not in issue.  Fed. R. Evid. 801, 802.

Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact.  These will be disregarded and overruled.

### d. The Memorandum of Points and Authorities

The moving party's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court.  All facts should be supported with citation to the paragraph number in the separate statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual application of Fed. R. Civ. P. 56, the motion need only contain a brief statement of the Fed. R. Civ. P. 56 standard.  The argument should be organized to focus on the pertinent elements of the claim(s) or defense(s) in issue, with the purpose of showing the existence or nonexistence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

//

**e. Timing**

The Court expects that the moving party will provide more than the minimum twenty-one (21) day notice for such motions. The moving party should deliver to the CRD a copy of a disk or USB flash drive, in Word format, containing the statement of uncontroverted facts and conclusions of law.

**F.    FINAL PRETRIAL CONFERENCE**

A Final Pretrial Conference date has been set pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8. Each party appearing in this action must be represented at the Final Pretrial Conference by the attorney who is to have charge of the conduct of the trial on behalf of such party, unless excused for good cause. Counsel should not claim to be co-lead trial counsel for the purpose of avoiding this requirement. If counsel purport to be co-lead trial counsel, both must attend the Final Pretrial Conference. Counsel should be prepared to discuss the trial, including presentation of testimony by deposition excerpts or summaries, time limits, and stipulations to admission of exhibits and undisputed facts.

Strict compliance with Local Rule 16 is required. This order sets forth some different and some additional requirements. This Court does not exempt pro per parties from the requirements of Rule 16. Failure to comply with these requirements may result in the Final Pretrial Conference being taken off calendar or continued or in other sanctions.

Other documents to be filed in preparation and issues to be addressed at Final Pretrial Conference are discussed below.

G.    **ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCEDURES AND NOTICE OF SETTLEMENT**

Counsel must complete an ADR proceeding no later than the date set by the Court.

No case will proceed to trial unless all parties, including an officer of all corporate parties (with full authority to settle the case), have appeared personally at an ADR proceeding.

The parties must file a status report re settlement within seven (7) days of each settlement proceeding. If settlement is reached, it must be reported immediately to the CRD as required by Local Rule 16-15.7, regardless of the date or time settlement is reached. In addition, counsel must immediately send a notification of the settlement to the Chambers email inbox.

In all cases set for jury trial, the parties must notify the Court of any settlement no later than the Wednesday preceding the week that trial is set to start so that necessary arrangements can be made to schedule a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed on that date. Failure to comply with this notification requirement will cause counsel/parties to be charged for the costs related to processing potential jurors.

II.    **TRIAL PREPARATION AND DEADLINES**

A.    **MOTIONS IN LIMINE**

All motions in limine must be filed three (3) weeks before the Final Pretrial Conference date. Counsel are to meet and confer as required by Local Rule 7-3 to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. An opposition must be

filed two (2) weeks before the Final Pretrial Conference date. Motions in limine and oppositions thereto may be no more than 2,800 words.  An optional reply must be filed one (1) week before the Final Pretrial Conference date and may be no more than 2,100 words. The Court generally will rule on motions in limine at the Final Pretrial Conference.

Each side is limited to four motions in limine unless the Court orders otherwise for good cause shown.  Each motion shall not be compound—i.e., each motion shall address only one item of evidence or witness or, if common grounds for exclusion or admission apply to multiple items of evidence or witnesses, only one category of evidence or witness.  Motions in limine should address specific issues (i.e., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of the issues.

**B.    PROPOSED PRETRIAL CONFERENCE ORDER**

A (Proposed) Pretrial Conference Order must be filed no later than the date set by the Court and must comply with the format and content required in the Local Rules.

**C.    TRIAL-RELATED DOCUMENTS**

**1.    Statement of the case (jury trials only):**

Counsel will prepare a joint statement of the case which may be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.  The statement shall not exceed one page.  The statement must be filed with the Court no later than one week before the Final Pretrial Conference date.

//

//

### 2.  Witness list:

The Court has established a cut-off date for filing a joint witness list using the format provided below.  Counsel are to submit the full names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect, and re-cross.  Counsel will also provide a description of each witness's testimony, e.g., "eyewitness to accident."  If more than one witness is offered on the same subject, the description should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.  Any special considerations should be noted in the "comments" section, e.g., "will testify through a Spanish language interpreter."  The parties shall comply with the requirements of Local Rule 16-5.

| JOINT WITNESS LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Witness | Witness Full Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
| | | | | | |

### 3.  Findings of fact and conclusions of law (Court trials only):

Notwithstanding Local Rule 52, for any matter requiring findings of fact and conclusions of law, unless otherwise expressly ordered by the Court, counsel are required to file (Proposed) Findings of Fact and Conclusions of Law by the deadline set by the Court.  The (Proposed) Findings of Fact must include citations to

14

1   evidence.  In addition to filing, counsel must deliver to the CRD

2   a copy on disk or USB flash drive in Word or WordPerfect 9.0 format.

3          **4.   Jury instructions and verdict forms (jury trials**

4               **only):**

5          At least fourteen (14) calendar days before the meeting of

6   counsel required by Local Rule 16-2 (which must occur at least 40

7   days before the date set for the Final Pretrial Conference),

8   counsel for plaintiff(s) must serve on defense counsel proposed

9   jury instructions and proposed verdict forms.  Within seven (7)

10  calendar days, defense counsel must serve objections, if any, to

11  those instructions and verdict forms, as well as any proposed

12  alternative or additional instructions and verdict forms.  Before

13  or at the Rule 16-2 meeting, counsel must attempt to agree on the

14  proposed jury instructions and verdict forms.

15         Unless otherwise ordered by the Court, all proposed and

16  disputed jury instructions and verdict forms are to be filed no

17  later than fourteen (14) days prior to the Final Pretrial

18  Conference date.  In addition, counsel must submit electronic

19  versions (in Microsoft Word format) of all proposed instructions

20  to the Chambers email address.

21         If one party fails to comply with the provisions of this

22  section, the other party must file a unilateral set of jury

23  instructions, unless that party wishes to waive jury trial.

24         The Court has its own introductory instructions (instructions

25  read before opening statements).  Counsel should provide only

26  instructions to be read after evidence has been submitted or that

27  may be appropriate during trial.

28

When the Manual of Model Jury Instructions for the Ninth Circuit provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case. Where language appears in brackets, the appropriate language should be selected. All blanks should be completed. Where California law applies, counsel should use the current edition of California Jury Instructions—Civil (BAJI or CACI). If neither is applicable, counsel should consult the instructions manuals from other circuits or states, as applicable. When submitting other than Ninth Circuit or California instructions, counsel should be sure that the law on which the instruction is based is the same as Ninth Circuit law (or California or other state law, if applicable) on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions, or MAJI or CACI, only if counsel has a reasoned argument that those instructions do not properly state the law or are incomplete.

The Court expects counsel to agree on most jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If an agreement cannot be reached, however, counsel will file proposed instructions in the following format: (1) the agreed-upon instructions; (2) the instructions proposed by plaintiff and opposed by defendant; (3) the instructions proposed by defendant and opposed by plaintiff.

Each requested instruction must (1) cite the authority or source of the instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction. The instructions should be

16

1  submitted in the order in which the parties wish to have the
2  instructions read.

3      With each set of instructions filed, counsel must provide an
4  index of all instructions submitted, per the example below,
5  including the following:

6      -The number of the instruction;

7      -The title of the instruction;

8      -The source of the instruction and any relevant case
9      citations;

10     -The page number of the instruction

| Instruction No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of the Jury | 9th Cir. 1.4 | 1 |

17     Each disputed instruction must have attached a short (one or
18  two paragraph) statement, including points and authorities in
19  support of the instruction, as well as a brief statement, including
20  points and authorities, in support of any objections.  A proposed
21  alternative instruction must be provided, if applicable.  If the
22  court believes that there are so many disputed instructions that
23  the trial would be unnecessarily interrupted in order for the Court
24  to resolve disputes, the Court will determine that the matter is
25  not yet ready to be tried and will order counsel to continue to
26  meet and confer until most of the disputes are resolved.

27      During the trial and before closing argument, the Court will
28  meet with counsel and settle the instructions, and counsel will

have the opportunity to make a further record concerning their objections.

**5.    Glossary:**

No later than five (5) court days before the Final Pretrial Conference, the parties are to file a case-specific glossary for the Court and reporter that includes applicable medical, scientific, or technical terms, slang, names and spellings of case names likely to be cited, street/city/country names, all parties/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

**6.    Exhibit list and conference:**

Counsel must file a joint exhibit list no later than one week before the Final Pretrial Conference date that complies with the example below, Local Rule 16-6.1, and Fed. R. Civ. P. 26(a)(3)(A). The parties are to meet and confer sufficiently in advance of the required filing deadline to prepare the joint exhibit list. As part of the meet and confer process, counsel will stipulate, to the furthest extent possible, to foundation, waiver of the best evidence rule, and exhibits which may be received into evidence at the start of trial.

| JOINT EXHIBIT LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| Exhibit No. | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
| | | | | | |

An exhibit conference requiring the attendance of trial counsel will be held at 10:00 a.m. on the Thursday before the scheduled trial date, unless the Court orders otherwise. Exhibits are to be submitted to the CRD at the time of the conference.

Exhibits are to be tagged in the lower right corner of each original page and numbered in accordance with Local Rule 16-6. Exhibits consisting of more than one page shall be internally paginated in the lower right corner, displaying both the exhibit number and the page number. Exhibit tags may be obtained from the receptionist in the Public Intake Section, located on the first floor of the Edward R. Roybal Federal Building at 255 East Temple St., Room 180. Digital exhibit tags are also available on the Court's website under Court Procedures > Forms > General forms > Form G-14A (plaintiff) and G-14B (defendant).

All exhibits will be placed in 3-ring, loose-leaf binders, in numerical order, with divider tabs containing exhibit numbers. The face and spine of the notebooks are to be marked with the case name and number, the numbers of the exhibits contained therein, and the volume number. Each binder must contain an index of the exhibits included in the volume. Any exhibits that a party wishes the jury to see in its original form (versus replicated form), should be placed in a Redweld expanding file folder and labeled and numbered as specified herein.

The parties shall prepare two sets of exhibit binders for the Court, and another set of binders for the opposing party. All sets must be brought to the Exhibit Conference if one is ordered, or otherwise, on the morning trial begins. If ordered by the Court in a case with a large number of exhibits, or if otherwise desired by

the parties, the parties must also prepare individual witness binders: one for the Court; one for the opposing party; and one for the witness. Witness binders are to include only those exhibits that will be used when a particular witness testifies. The name of the witness should appear on the binder, and exhibits must be in numerical order and tabbed so that the witness, the Court, and the opposing party may easily access each exhibit as the witness's testimony proceeds. Witness binders are used for the convenience of the witness, the Court, and the parties. Accordingly, they need not be given to the CRD or the opposing side until each witness is called.

If the parties wish to use a paperless presentation method, details must be discussed at the Final Pretrial Conference.

### 7. Jury selection (jury trials only):

No later than five (5) court days before the Final Pretrial Conference, each counsel may, but is not required to, file with the Court any special questions requested to be put to prospective jurors during voir dire. The Court will conduct this initial portion of voir dire. The Court provides a list of basic questions and may provide a list of additional case-specific questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors; the answers are provided in court.) The Court will allow each side no more than 20 minutes to ask follow-up questions of those jurors.

Generally, the Court will select eight jurors. Each side will have three peremptory challenges. The Court uses the "Arizona blind strike" method. See United States v. Harper, 33 F.3d 1143, 1145-46 (9th Cir. 1994). Under that method, the Court conducts

20

the initial portion of voir dire of the entire jury panel, then permits follow-up questioning by counsel as described above. After potential jurors are excused for cause, counsel for each side simultaneously submit their peremptory challenges in writing. The Court then eliminates the subjects of the peremptory challenges and selects the eight lowest numbered remaining panel members as the jury.

**D.    TRIAL**

Unless otherwise ordered, and subject to jury panel availability, trials are generally Tuesday through Friday, 8:30 a.m. to 2:30 p.m., with three fifteen-minute breaks. When necessary, trials may continue beyond the normal schedule. If counsel anticipate that this schedule will be problematic due to unavailability of witnesses or other reasons, counsel should provide details to the Court at the Final Pretrial Conference.

On the day of jury selection, counsel must be prepared to go on the record at 8:30 a.m.; trial will begin at 9:00 a.m. The Court reserves 8:30 a.m. until 9:00 a.m. to handle legal and administrative matters. Thereafter, legal and administrative matters must be addressed between 8:15 a.m. and 8:30 a.m. Counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period or at the end of the day. The Court discourages sidebars during trial. The Court does not make jurors wait while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual or substantive or evidentiary issues that may arise and to advise the Court of such

issues as early as possible.  Short briefs addressing such disputed issues are welcome.

When the Court does not have to prioritize the needs of jurors, as in a bench trial, the Court will be very accommodating in trial scheduling and welcomes the input of the parties on the schedule that works best for the case.  Counsel should propose trial scheduling options at the Final Pretrial Conference.

**III.  <u>CONDUCT OF ATTORNEYS AND PARTIES</u>**

**A.   OPENING STATEMENTS, WITNESS EXAMINATION, AND SUMMATION**

Counsel must use the lectern for opening statements, examination of witnesses, and summation arguments.

The Court will establish reasonable time estimates for opening and closing statements, examination of witnesses, etc.

Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

**B.   OBJECTIONS TO QUESTIONS**

Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

**C.   GENERAL DECORUM**

Counsel should not approach the CRD or the witness box without specific permission.  If permission is given, counsel should return to the lectern when the purpose has been accomplished.  Counsel should not question a witness at the witness stand.

Counsel and parties should rise when addressing the Court and when the Court or the jury enters or leaves the courtroom.

Counsel should address all remarks to the Court. Counsel are not to address the CRD, the court reporter, law clerks, persons in the audience, or opposing counsel while on the record. If counsel wish to speak with opposing counsel, counsel must ask permission to do so. Any request to re-read questions or answers must be addressed to the Court. Such requests should be limited.

Counsel should not address or refer to witnesses or parties by first name alone. Young witnesses (under 14) may, however, be addressed and referred to by first name.

Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses unless permission has been granted in advance.

Counsel should not, by facial expression, nodding, or other conduct, exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness, statements or arguments by opposing counsel, or rulings by the Court. Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

Counsel should not talk to jurors at all and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation could be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

### D.    PROMPTNESS OF COUNSEL AND WITNESSES

The Court makes every effort to begin proceedings at the time set and expects counsel and witnesses to be prompt.  Once counsel are engaged in trial, they must prioritize the trial.  The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances.  At counsel's request, the Court will advise other courts that counsel are engaged in trial in this Court.

No presenting party may be without witnesses.  If counsel have no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.  If a witness was on the stand at a recess or adjournment, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If counsel objects, they must confer with the Court in advance.

### E.    EXHIBITS

Each counsel should keep their own list of exhibits and should note when each has been admitted into evidence.

Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in court.

Counsel are to advise the CRD of any agreement they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

Counsel must not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphical aids, the material must be fully prepared before the court session starts.

**F.    DEPOSITIONS**

All depositions to be used at trial, either as evidence or potentially for impeachment, must be provided to the CRD on the first day of trial or such earlier date as the Court may order. Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

In using depositions of an adverse party for impeachment, either one of the following procedures may be used:

1. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel must first state the page and line where the reading begins and the page and line where the reading ends and allow time

25

1          for any objection.  Counsel may then read the portions
2          of the deposition into the record.

3      2. If counsel wishes to ask the witness further questions
4          on the subject matter, the deposition is placed in
5          front of the witness and the witness is told to read
6          silently the pages and lines involved.  Counsel may
7          either ask the witness further questions on the matter
8          and then read the quotations or read the quotations
9          and then ask further questions.  Counsel should have
10         an extra copy of the deposition for this purpose.

11     Where a witness is absent and the witness's testimony is
12 offered by deposition, counsel may (a) have a reader occupy the
13 witness chair and read the testimony of the witness while the
14 examining lawyer asks the questions, or (b) have counsel read both
15 the questions and answers.

16     **G.    USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS**
17         **FOR ADMISSION**

18     Whenever counsel expects to offer a group of answers to
19 interrogatories or requests for admissions extracted from one or
20 more lengthy documents, counsel should prepare a new document
21 listing each question and answer and identifying the document from
22 which it has been extracted.  Copies of this new document should
23 be given to the Court and opposing counsel.

24     **H.    ADVANCE NOTICE OF DIFFICULT OR UNUSUAL ISSUES**

25     If any counsel has reason to anticipate that a difficult
26 question of law or evidence will necessitate legal argument
27 requiring research or briefing, counsel must give the Court advance
28 notice.  Counsel are directed to notify the CRD at the day's

adjournment if an unexpected legal issue arises.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial.  The Court will not keep jurors waiting.

     IT IS SO ORDERED.

Dated:   September 9, 2025

                                      /s/
                              _____
                                  ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE

27