UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 25-01835-AS | Date | April 30, 2026 |
|---|---|---|---|
| Title | Cooper Lyden v. Portland Leather Goods, Inc., et. al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Kevin Jason Cole | Jay Ramsey |

**Proceedings (In Chambers):**    **ORDER RE INFORMAL DISCOVERY CONFERENCE (DKT. NO. 31)**

At the parties' request, the Court held an informal discovery conference, ("IDC"), by teleconference on April 29, 2026. At issue is Plaintiffs' request for an order compelling Defendants to provide further responses and documents in response to Plaintiffs' Requests for Production ("RFP") and Interrogatories in the following categories: (1) Campaign Calendars; (2) Transactional Data; (3) Representative Webpages; (4) Compare Price Methodology; and (5) Third Party Retailer and Channel Information. The Court, having reviewed the parties' submission in support of the IDC request and considered the arguments presented at the hearing, GRANTS Plaintiffs' request.

As a preliminary matter, the Court overrules Defendants' objections to the requests at issue on grounds of relevance and overbreadth, and its claims that the requests are unduly burdensome, oppressive and harassing, not limited in time and scope, vague and ambiguous, seek information that is confidential, proprietary or trade secret or protected by attorney client privilege or work product. The Court finds the requests at issue and Plaintiffs' explanations of the specific information they seek to be relevant to the claims in this case, proportional to the needs of this case and appropriately limited in time to the class period. The disclosure of information that is confidential, proprietary, or a trade secret can be addressed through a stipulated protective order and if Defendants are withholding production of documents based on privilege or work product assertions, they must provide a privilege log that identifies such documents.

Campaign Calendars:
RFP 6 seeks all documents relating to sales, discounts, termination of sales/discounts, or price increases of COVERED PRODUCTS during the CLASS PERIOD, including all communications between and among officers, managers, supervisors, dept heads, directors, consultants, owners, and or employees relating to changes in prices, suggested MSRP, changes to MSRP, discounts, suggested discounts, sales, holiday discounts and holiday sales. Plaintiffs seek documents sufficient to show the nature (e.g., "Spring Sale"), magnitude (e.g., 25%

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 25-01835-AS | Date | April 30, 2026 |
|---|---|---|---|
| Title | Cooper Lyden v. Portland Leather Goods, Inc., et. al., | | |

or 30% off), and dates and duration of all promotional sales and discounts Portland Leather offered on its website and in its retail stores during the class period (March 3, 2021 through present). At the hearing, Defendant agreed to produce campaign calendars responsive to this request.

Transactional Data:

RFP 7 seeks all documents relating to pricing data for COVERED PRODUCTS.

Interrogatory No. 1 asks Defendants to identify each and every covered product by (1) name/description (2) SKU, UPC or other id used to describe  product;  Interrogatory Nos. 2 and 3: asks Defendants,  for each covered product identified in response to Interrogatory No. 1, to state precise dates and time the product has been sold in each of the 50 states during the class period, and the advertised  pricing history (all sales prices and sales representation) on day by day basis for each covered product during the class period. At the hearing, Plaintiffs explained that they are requesting product description, SKU "compare" price, list price,  any discount or coupon applied and sales channel for Defendant's top 50 best-selling products.  Defendants agreed to produce such transaction data for its top 30 best-selling premium products and because this will also include information about the associated "almost perfect" products, the production will encompass its 50 best-selling products. Defendants maintained that the transaction summaries will show for each product, the sales price, the price without any discount, and the comparable value price.

Representative Webpages:

In response to RFP Nos. 7, 11 and 26 and Interrogatory No. 3, Plaintiffs seek representative product and checkout pages for the same 50 sampled products, showing how Portland Leather advertised its reference and sale prices to consumers during the class period, including examples of any material changes in how reference pricing was displayed (e.g., the shift from "Compare" to "Comparable Value" language). At the hearing, Plaintiffs explained that they are seeking supporting documentation for Defendants' claims about the original or non-discounted price for its 50 best-selling products. Defendants claim that they are only able to produce – for its top 30 best-selling products – the webpage depicting what the product is selling for at present, and webpage exemplars for what the product looked like and sold for in the past on certain dates.  Defendants maintained that this information coupled with its production of transaction data, will provide Plaintiffs with the information they are seeking.

"Compare" Price Methodology:

Interrogatory 7 asks Defendants to state, for purposes of the sale of covered products on your website, www.PLG.com and in your retail stores, their definition and understanding of the strikethrough price, including how the strikethrough price for each covered product was calculated.  Plaintiffs seek a substantive interrogatory response explaining how Defendant calculates its "compare" prices for both its Premium and Almost Perfect product lines, including the methodology, inputs, assumptions, and data sources relied upon during the class period, and identification of the person(s) most knowledgeable regarding those calculations.  At the hearing, Defendants stated that they will provide a fulsome response to this interrogatory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 25-01835-AS | Date | April 30, 2026 |
|-----|----------------|------|----------------|
| Title | Cooper Lyden v. Portland Leather Goods, Inc., et. al., | | |

Third Party Retailer and Sales Channel Information:

In  response to RFP Nos. 3 and 15, Plaintiff seeks documents identifying all third party retailers  through which Defendants' covered products were sold. At the hearing, Defendants agreed to produce this information.

Defendants are ordered to provide responsive documents and further responses consistent with this Order no later than Friday, May 8, 2026.  Following, Defendants' production, they parties must meet  and confer to determine any gaps in the production and whether Defendants are able to produce any additional information. The parties are remined that they <u>must</u>  avail themselves of the Court's informal discovery conference procedure to resolve any further discovery issues.  <u>See</u> Judge Sagar's procedures.

**IT IS SO ORDERED.**